SLIP OPINION

Cite as 2017 Ark. App. 133

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–16–783

| | |
|---|---|
| ANTHONY YATES<br><br>APPELLANT<br><br>V.<br><br>BOAR'S HEAD PROVISIONS CO., INC., AND AMERICAN ZURICH INSURANCE COMPANY<br><br>APPELLEES | **Opinion Delivered:** March 8, 2017<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G504498]<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Anthony Yates appeals the decision of the Arkansas Workers' Compensation Commission ("the Commission") finding that he failed to establish that he had sustained a compensable injury arising out of and in the course of his employment at Boar's Head Provisions Co., Inc. ("Boar's Head"). On appeal, Yates argues that the Commission's decision was not supported by substantial evidence. We affirm.

Yates began working for Boar's Head on April 8, 2012. He initially worked in sanitation and then was promoted to a position at the smokehouse. At the hearing before the administrative law judge ("ALJ"), Yates testified that on June 13, 2015, he injured his right foot while working in the smokehouse. He described the accident as follows:

> At the time of the accident, we were pulling blast into a cooler. I have to pull a [meat] rack that's probably twelve or thirteen hundred pounds. We were pulling it through an eye, a space of the rack that is about four feet. As I was coming through the aisle, I hit my right foot on a switch.

He told his "lead," Alex Patricio, that he had hurt himself and that he needed to see the company nurse, Linda Long. Yates testified that he reported to Long that he had hit his right foot on the meat rack. Long then wrapped his foot, and he went back to work. Later that day, Yates returned to the nurse's station and saw an emergency-medical technician, Nathaniel Moeri. Yates testified that Moeri rewrapped his foot and advised him that his foot was swollen but not broken. Yates worked three more days, but on the third day, he told his supervisor, Tremarcus Powell, that his foot had worsened and he needed to go to the hospital. He then went to the emergency room at Forrest City Medical Center and was diagnosed with an oblique fracture. At the hospital, he received a temporary cast and later a full cast. Yates explained that he did not work for seven weeks pursuant to his doctor's recommendation. He also testified that he had an emergency-room bill for $250, an x-ray fee of $55, and another fee for $15. He stated that his health insurance paid for a visit to an orthopedic physician.

Linda Long testified that she is a nurse at Boar's Head and that she treats workers'-compensation and non-workers'-compensation injuries there. She explained that when an employee reports being injured while working, she completes an "employee first report of injury" form, fills out workers'-compensation paperwork, and reports the injury to her supervisor. Long testified that on June 13, 2015, she treated Yates for a foot injury, but Yates told her that he did not know how he had injured his foot. Thus, she did not complete the forms or report the injury. She also referenced a "first aid log sheet" that she had completed on June 13, 2015, where she wrote that Yates had reported to her that he felt "like his arch [had] dropped."

Moeri testified that he treated Yates for a foot injury on June 13, 2015, but Yates did not tell him that the injury was work related. He stated that if Yates had informed him that he had injured his foot while working, Moeri would have sent him for an evaluation at Forrest City Medical Center and given him a workers'-compensation packet. Moeri also denied telling Yates that his foot appeared to be swollen.

Moeri noted that on June 17, 2015, Yates returned to his office and completed an "employee first report of injury" form. Boar's Head introduced the form into evidence. On the form, Yates described his injury as follows:

> To the best of my knowledge, I was working, pulling, and pushing [meat] racks to and from the blast and somehow my foot ha[d] a pain. I finished my duties, came to [the] nurse, and h[ad] it wrapped and continue[d] working. [T]hen, two hours later, I [went] back to the second shift nurse and ha[d] it wrapped again and continue[d] working.

Boar's Head also introduced into evidence Yates's medical records from Forrest City Medical Center. The "nurse documentation" states that Yates reported "having right foot pain for two days but denies injury." The "physician documentation" provides, "Mechanism of Injury: HE CAN'T RECALL HOW HE INJURED HIS FOOT."

On February 4, 2016, the ALJ entered an opinion finding that Yates had established a compensable injury to his right foot while working at Boar's Head on June 13, 2015. Boar's Head appealed the decision to the Commission.

On July 6, 2016, the Commission reversed the ALJ and found that Yates had failed to present sufficient evidence that he had sustained a compensable, specific–incident, right–foot injury that arose out of and in the course of his employment at Boar's Head. The Commission found that Long's and Moeri's testimony, Yates's medical records, and Yates's

responses on the "employee first report of injury" contradicted Yates's testimony that he had injured his foot while working in the smokehouse. Yates timely appealed the Commission's decision to this court. On appeal, he argues that the Commission's decision is not supported by substantial evidence.

In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Ganus v. St. Bernard's Hosp., LLC*, 2015 Ark. App. 163, 457 S.W.3d 683. When the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Willis v. Great Dane Trailers*, 2014 Ark. App. 547, 444 S.W.3d 423. The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission; if so, the appellate court must affirm. *Id*. Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Cedar Chem. Co. v. Knight*, 372 Ark. 233, 273 S.W.3d 473 (2008). Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. *Mack-Reynolds Appraisal Co. v. Morton*, 2010 Ark. App. 142, 375 S.W.3d 6.

To prove a compensable injury as a result of a specific incident that is identifiable by time and place of occurrence, the claimant must establish by a preponderance of the evidence (1) an injury arising out of and in the course of employment; (2) that the injury caused internal or external harm to the body that required medical services or resulted in

disability or death; (3) medical evidence supported by objective findings, as defined in Ark.

Code Ann. § 11-9-102(16) (Repl. 2012), establishing the injury; and (4) that the injury was

caused by a specific incident identifiable by time and place of occurrence. Ark. Code Ann.

§ 11-9-102(4)(A)(i).

On appeal, Yates argues that the Commission erred in finding that he failed to

establish a work-related injury because he did not identify a specific incident causing the

injury. He asserts that the circumstances here are similar to *Pearson v. Worksource*, 2012 Ark.

406, 424 S.W.3d 311, in which our supreme court held that the Commission erred in

denying a claim for a specific-incident injury because the claimant provided no evidence of

a specific, isolated, immediate incident causing his injury. The claimant testified that he had

sustained an injury after wearing ill-fitting work-supplied boots for a couple of hours, and

there was no indication in the Commission's opinion that it discounted the claimant or

found him not credible. *Id*. Our supreme court reasoned that because the Commission

believed the claimant had sustained an injury while wearing the boots, it was unreasonable

for the Commission to deny benefits simply because the claimant could not identify a

specific incident by time and place. *Id*.

Yates's reliance on *Pearson* is misplaced. Here, unlike in *Pearson*, the Commission

found Yates's testimony not credible. Specifically, the Commission stated that "the record

is devoid of credible evidence to support [Yates]'s contention that this fracture was the result

of a specific, work-related incident that occurred on June 13, 2015." Instead, the

Commission credited Long's and Moeri's testimony that Yates did not report to them that

he had injured his foot while working and further relied on the medical records from Forrest

City Medical Center and Yates's responses on the "employee first report of injury" form, which indicate that Yates did not know how he had injured his foot. In other words, the Commission did not believe Yates's testimony that he had injured his right foot while working at Boar's Head. Thus, *Pearson* is inapplicable here. Further, once the Commission has made its decision on issues of credibility, we are bound by that decision. Accordingly, we hold that substantial evidence supports the Commission's decision that Yates failed to establish a specific-incident injury arising out of and in the course of his employment at Boar's Head.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Goldberg & Dohan*, by: *Andy L. Caldwell*, for appellant.

*Mayton, Newkirk & Jones*, by: *L. Eric Newkirk*, for appellees.