DAVID M. GLOVER, Judge
Marie White appeals the Arkansas Workers' Compensation Commission's (Commission) denial of her claim that she suffered a compensable injury while working for appellee Butterball, LLC (Butterball). On appeal, she argues the Commission's decision is not supported by substantial evidence. We affirm.
White was the sole witness at the hearing before the administrative law judge (ALJ). She testified that, on April 29, 2016, she injured her left wrist while she was dumping an approximately 300-pound barrel of unusable turkey parts and the handle of the barrel broke, pulling her left hand. She said she immediately began hurting from the middle of her left hand down into her wrist, but she did not report the incident, thinking she was not seriously injured. When she returned to work two days later, her wrist began hurting and swelling while she was taking boxes to the parts room. White reported her wrist pain to Kevin Carter, her day manager, and was instructed to see the nurse, where she was written up for property damage, failure to report an injury, and for a safety violation for failure to report an accident. Butterball did not send White to a doctor, but she presented at the emergency room on her own, where x-rays were taken and she was given anti-inflammatory medication and a splint.
White testified she quit her job at Butterball when she was not allowed to seek treatment for her hand and wrist. She sought treatment from her primary-care physician, Dr. Brandi Guthrey, who initially put her on anti-inflammatory medications and then on neuropathy medication; she also sent White to physical therapy. White said her left wrist continued to bother her, she had trouble driving, she dropped things, and she could not lift with her left hand. White was sent for a nerve-conduction study in late September, which came back abnormal in both her left and right hands, indicating bilateral carpal-tunnel syndrome. She was scheduled to see an orthopedic surgeon approximately one month after the hearing before the ALJ. White asserted she had never had *242 any problem with her left hand or wrist prior to the handle breaking on the waste barrel, but she has had problems with them ever since that time.
On cross-examination, White said she had only worked at Butterball for a little over one month before the barrel incident. She was unsure how she had come to have bilateral carpal-tunnel syndrome. White admitted Dr. Guthrey had told her at one point that her weight was a major health issue, and she believed White's carpal-tunnel symptoms were weight related. She said Dr. Guthrey did not want to talk about her left wrist being a workers'-compensation issue; rather, she was more concerned about White losing weight. White said she was currently trying to lose weight; she had lost fifty pounds in three months.
The first medical record provided by White was from her May 16, 2016 visit to Dr. Guthrey, which indicated White's chief complaint was left-wrist pain from a fall, but it also stated a host of other problems that were addressed at this visit, including not only left-wrist pain but also issues including obesity, polycystic ovaries, acute conjunctivitis, and joint pain. Dr. Guthrey ordered x-rays of White's wrist and referred White to physical therapy; she also wanted to look into a bariatric referral for White's obesity. The record did not indicate that any of White's issues were work related. The x-rays of White's left wrist showed no evidence of acute fracture or subluxation; the joint spaces were maintained; the soft tissues were unremarkable; and there was no acute osseous abnormality. Dr. Guthrey released White to return to work on June 10, 2016.
White began physical therapy on June 8, 2016, twice a week for four weeks. A nerve-conduction test was performed on September 30, 2016; the results of the study were abnormal, showing bilateral carpal-tunnel syndrome and sensory neuropathy of the bilateral upper extremity.
In his order, the ALJ found White had failed to meet her burden of proving by a preponderance of the evidence that she suffered a compensable injury to her left wrist in the form of carpal-tunnel syndrome. The ALJ initially noted that while persons diagnosed with carpal-tunnel syndrome allege a gradual-onset injury, White contended that her carpal-tunnel syndrome was the result of a specific incident that occurred on April 29, 2016. In denying White's claim, the ALJ found that even though the nerve-conduction test confirmed carpal-tunnel syndrome, there was insufficient evidence to link it to a specific injury on April 29, 2016; the nerve-conduction test indicated bilateral carpal-tunnel syndrome, but White claimed only a compensable injury to her left wrist; the fact she also had carpal-tunnel syndrome on the right side without a history of injury indicated that the left side was not causally related to any incident on April 29; Dr. Guthrey attributed White's symptoms to her weight; and no physician was of the opinion her carpal-tunnel syndrome was causally related to the April 29 incident. The Commission affirmed and adopted the ALJ's opinion.
Arkansas law permits the Commission to adopt the ALJ's opinion. Stoker v. Thomas Randal Fowler, Inc. , 2017 Ark. App. 594, 533 S.W.3d 596. When the Commission adopts the ALJ's opinion, it makes the ALJ's findings and conclusions its findings and conclusions, and for the purpose of appellate review, we consider both the ALJ's opinion and the Commission's majority opinion. Id.
When the Commission denies benefits because a claimant has failed to meet his or her burden of proof, the substantial-evidence standard of review requires *243 that we affirm if the Commission's decision displays a substantial basis for the denial of relief. Fulbright v. St. Bernard's Med. Ctr. , 2016 Ark. App. 417, 502 S.W.3d 540. On appeal, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence, which is evidence that a reasonable mind might accept as adequate to support a conclusion. Jones v. Target Corp. , 2017 Ark. App. 199, 518 S.W.3d 119. The issue on review is not whether the evidence would have supported a contrary finding or whether we might have reached a different result; we affirm if reasonable minds could reach the Commission's conclusion. Bennett v. Tyson Poultry, Inc. , 2016 Ark. App. 479, 504 S.W.3d 653. We defer to the Commission on issues involving credibility and the weight of the evidence. Frost v. City of Rogers , 2016 Ark. App. 273, 492 S.W.3d 875.
In Yates v. Boar's Head Provisions Co., Inc. , 2017 Ark. App. 133, at 4-5, 514 S.W.3d 514, 516-17, our court held:
To prove a compensable injury as a result of a specific incident that is identifiable by time and place of occurrence, the claimant must establish by a preponderance of the evidence (1) an injury arising out of and in the course of employment; (2) that the injury caused internal or external harm to the body that required medical services or resulted in disability or death; (3) medical evidence supported by objective findings, as defined in Ark. Code Ann. § 11-9-102(16) (Repl. 2012), establishing the injury; and (4) that the injury was caused by a specific incident identifiable by time and place of occurrence. Ark. Code Ann. § 11-9-102(4)(A)(i).
White argues that she injured her wrist on April 29, 2016, and reported it to her supervisor two days later; she immediately experienced pain from the middle of her left hand to her left wrist when the incident occurred; and there was no evidence she had any problem with her left wrist before the April 29 incident. She contends the April 29 incident aggravated her asymptomatic carpal-tunnel syndrome, which was discovered only after the April 29 incident.
In workers'-compensation law, an employer takes the employee as he finds them, and employment circumstances that aggravate preexisting conditions are compensable. Johnson v. PAM Transport, Inc. , 2017 Ark. App. 514, 529 S.W.3d 678. An aggravation of a preexisting noncompensable condition by a compensable injury is, itself, compensable. Id. An aggravation is a new injury resulting from an independent incident. Id. An aggravation, being a new injury with an independent cause, must meet the definition of a compensable injury in order to establish compensability for the aggravation. Id.
There is a substantial basis for the Commission's denial of White's claim. There is no indication in White's medical records of any injury to her left hand and wrist due to a work-related injury, such as swelling or bruising; her May 16 visit to Dr. Guthrey only indicated left-wrist pain from a fall, not from a work-related incident. Furthermore, no physician causally related White's left-side carpal-tunnel syndrome to the April 29 incident; in fact, Dr. Guthrey attributed White's carpal-tunnel syndrome symptoms to her morbid obesity. Because there is a rational basis for the Commission's denial of White's claim, we affirm.
Affirmed.
Virden and Brown, JJ., agree.