ROBERT J. GLADWIN, Judge
Appellant Jason Hargis appeals the August 8, 2017 opinion of the Arkansas Workers' Compensation Commission (Commission) that affirmed and adopted the administrative law judge's (ALJ's) February 15, 2017 decision finding that he failed to prove that he sustained a compensable injury to his lower back while employed by appellee Lovett Logging. Appellant argues that substantial evidence does not support the Commission's findings. We affirm.
I. Facts and Procedural History
Appellant worked for appellee Lovett Logging, a logging company operated by Jim Lovett and his son, Brian Lovett. His job duties included trimming, running a chain saw, and operating a skidder and boom. Appellant alleges that he suffered a compensable injury to his lower back at the end of his shift on May 9, 2016, when Brian asked him to move a boulder. Appellant claims that as he was picking up the boulder to pull it backwards, something in his back popped, and he could barely remain standing. Appellant maintains that he hobbled to a work truck and informed both Brian and coworker James Bradley that he had injured his back.
According to appellant, he left the logging woods with Brian and Bradley together in one truck as was customary. He *726 claims that after they got into the truck he informed Brian that he was hurting and felt like he needed to see a doctor.
When appellant returned home after work, his girlfriend took him to the emergency room at Mercy Hospital in Waldron. His medical records contain a report from the emergency room dated May 9, 2016, indicating that appellant presented with a chief complaint of back pain and a history of the pain beginning while appellant was moving a heavy boulder at work that afternoon. Appellant was diagnosed with a lumbosacral strain and was prescribed medication; he was instructed to receive follow-up care with his primary physician; and an MRI scan was ordered. Appellant was also given a note taking him off work until May 16, 2016.
Appellant submits that after he was released from the emergency room he went to appellees' home-a duplex in which Brian lived in the downstairs portion while Jim lived in the upstairs portion. Appellant claims that he informed both Brian and Jim at that time that he had injured his back at work and gave appellees the off-work note. He maintains that Jim informed him that if he was off work for six days, he would be fired.
Based on that statement, appellant went to work the next day, May 10, 2016, completed his work shift, and at the end of the day got into the truck to go home with Brian and Bradley. Appellant admits he was upset that he had been informed he was going to be fired if he did not show up at work and that he told Brian this was wrong. Appellant further acknowledges that his anger got the better of him and that he used foul language in his discussion with Brian.
At the time of the alleged injury, appellant was wearing an ankle monitor because he had been convicted of DWI with a suspended license. He was to have the ankle monitor removed on May 11, 2016, after work so as not to interfere with his ability to work that day. However, according to Bradley, appellant informed Brian while they were in the truck leaving the work site on May 10, 2016, that he would be able to work for only a couple of hours the following day so that he could take off to go have the bracelet removed. Brian allegedly informed appellant that there was no need for him to come in and that he would have someone fill in for him.
Although the details are disputed, a physical altercation between appellant and Brian occurred at that time. Appellant claims that Brian pulled the truck over and headbutted him, which Brian denies, and the altercation involved the two men exchanging blows with their fists. Brian alleges that appellant began the altercation by calling him names, accusing him of firing him, and punching him.
Appellant did not work for appellee after that date, and when he was seen at the Mercy Hospital emergency room in Waldron on May 14, 2016, he was diagnosed with a lumbar strain and he was again advised to receive an MRI scan and establish care with a primary-care physician.
An MRI scan was performed on June 8, 2016, which revealed a right paracentral disc protrusion without spinal stenosis at the L5-S1 level. Following the MRI scan, appellant established care with Amanda English, APRN. English prescribed treatment in the form of medication and physical therapy. English again prescribed that same treatment in a report of July 18, 2016, but appellant did not undergo physical therapy due to a lack of funds.
Appellant filed this action alleging that he sustained a compensable injury to his back on May 9, 2016, arising out of and in the course of his employment with appellee employer. Specifically, he asserted that he *727 hurt his back while moving a boulder at work and sought reasonable and necessary medical benefits as well as a statutory attorney's fee. Appellee controverted the claim in its entirety.
After a hearing on January 23, 2017, the ALJ filed an opinion on February 15, 2017, finding that appellant had failed to meet his burden of proving by a preponderance of the evidence that he suffered a compensable injury while working for appellee on May 9, 2016, and dismissed his claim. Appellant timely filed a notice of appeal, and on August 8, 2017, the Commission affirmed and adopted the ALJ's decision. Appellant timely filed a notice of appeal from that opinion on August 15, 2017.
II. Standard of Review and Applicable Law
Arkansas law permits the Commission to adopt the ALJ's opinion. White v. Butterball, LLC , 2018 Ark. App. 7, 538 S.W.3d 240 ; Stoker v. Thomas Randal Fowler, Inc. , 2017 Ark. App. 594, 533 S.W.3d 596. When the Commission adopts the ALJ's opinion, it makes the ALJ's findings and conclusions its findings and conclusions, and for the purpose of appellate review, we consider both the ALJ's opinion and the Commission's majority opinion. Id.
In White , we reiterated our standard of review in workers' compensation cases:
When the Commission denies benefits because a claimant has failed to meet his or her burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. On appeal, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence, which is evidence that a reasonable mind might accept as adequate to support a conclusion. The issue on review is not whether the evidence would have supported a contrary finding or whether we might have reached a different result; we affirm if reasonable minds could reach the Commission's conclusion. We defer to the Commission on issues involving credibility and the weight of the evidence.
To prove a compensable injury as a result of a specific incident that is identifiable by time and place of occurrence, the claimant must establish by a preponderance of the evidence (1) an injury arising out of and in the course of employment; (2) that the injury caused internal or external harm to the body that required medical services or resulted in disability or death; (3) medical evidence supported by objective findings, as defined in Ark. Code Ann. § 11-9-102(16) (Repl. 2012), establishing the injury; and (4) that the injury was caused by a specific incident identifiable by time and place of occurrence. Ark. Code Ann. § 11-9-102(4)(A)(i).
White , 2018 Ark. App. 7, at 4-5, 538 S.W.3d at 242-243 (internal citations omitted).
III. Discussion
Appellant submits that his medical evaluations and tests indicate objective findings of an injury on the day and within hours of the alleged boulder-lifting incident. Accordingly, he argues that the Commission erred in denying his claim. Appellant notes that the ALJ, in dismissing appellant's testimony, found that there was no medical evidence to support that appellant suffered an injury to his back as a result of the May 9, 2016 incident, without explaining why appellant would have gone to the emergency room and reported the *728 injury. Although appellant acknowledges that the Commission has the responsibility to determine the credibility of the witnesses, he notes that the Commission failed to even discuss (1) why appellant would have gone to the emergency room on May 9, 2016, and provided a history of an injury to his back while moving a boulder; (2) that the medical records are consistent with appellant's testimony; (3) why appellant would obtain an off-work slip if he did not intend to provide the same to his employer; (4) why Jim and Brian clearly were aware of the injury on different dates and the fact that Brian, Bradley, and Jim all still have their jobs and work together; or (5) the significance of the fact that Jim and Brian are related. Appellant urges that these factors give reason to call into question their credibility and require that the Commission's decision be reversed and remanded.
Pursuant to appellant's own acknowledgment, this appeal is based solely on a question of credibility and the weight the Commission afforded various evidence and testimony. Appellant's credibility regarding the source of his lower-back injury was greatly diminished by evidence detailing how, on March 21, 2016, appellant was in a significant ATV accident while off work. As a result, appellant missed time from work, although the amount of time missed is disputed. Appellant testified that he missed a day or two of work, while his coworker Bradley and supervisor Brian testified that appellant was off work for two weeks.
Despite appellant's allegation that he injured his lower back at work approximately a month later on May 9, 2016, his account was directly contradicted by the testimony presented by the appellee. Brian testified before the ALJ that he did not instruct appellant to move a boulder on May 9, 2016, and further noted that there would have been no reason or need for appellant to move the rock described. He noted that if a rock did need to be moved, it would have been moved using heavy equipment like a skidder blade. Brian further testified that appellant never informed him that he injured his back. Bradley corroborated that testimony when he testified that he never saw appellant moving a rock and that appellant never reported to him that he had injured his back.
Jim Lovett testified that appellant did not come to his house and report a work injury on the evening of May 9, 2016. He explained that he first learned of appellant's alleged work-related back injury when the workers'-compensation claim was filed. Brian also testified that appellant did not come to see him on the evening of May 9, 2016, or provide him with a work-release note.
Brian also testified that on May 10, 2016, appellant did not appear to have any physical problems at work, did not complain about his back hurting, and at no time mentioned a work-related injury. Bradley similarly testified that on May 10, 2016, appellant did not appear to have any problems working and never mentioned anything about his alleged back injury.
After receiving testimony and reviewing the submitted exhibits, the ALJ determined that the consistent and corroborated testimony of appellee's witnesses was more credible than appellant's testimony. Appellant asks this court to assign weight to the evidence and substitute its judgment on the credibility of the witnesses for that of the Commission. But this court has routinely noted that "[o]nce the Commission has made its decision on issues of credibility, the appellate court is bound by that decision."
*729 Yates v. Boar's Head Provisions Co. , 2017 Ark. App. 133, at 4, 514 S.W.3d 514, 516.
We have held that "[w]here there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts." Templeton v. Dollar Gen. Store , 2014 Ark. App. 248, at 7, 434 S.W.3d 417, 421. The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into fact only those portions of the testimony that it deems worthy of belief. Long v. Wal-Mart Stores, Inc. , 98 Ark. App. 70, 250 S.W.3d 263 (2007). Moreover, a claimant's testimony is deemed controverted as a matter of law. See Flynn v. J.B. Hunt Transp. , 2012 Ark. App. 111, 389 S.W.3d 67. Further, the Commission may reject a doctor's opinion as to causation that is based on a history from the claimant that the Commission has determined is not credible. See Roberts v. Whirlpool , 102 Ark. App. 284, 289, 284 S.W.3d 100, 103 (2008).
The Commission specifically found that appellant did not present "sufficient credible evidence to establish compensability," believing instead the testimony of appellee's witnesses Jim, Brian, and Bradley, that appellant did not injure himself in the woods lifting a boulder on May 9, 2016, and did not complain of-or report-an injury or back pain. In making those findings, the Commission implicitly found that appellant was not credible and that his testimony could not be believed.
Contrary to appellant's claim that the Commission simply ignored the May 9, 2016 emergency-room report, we note that the Commission specifically addressed the report and rejected it, finding that it was not credible and could not carry appellant's burden. The only information in the emergency-room report to support appellant's claim that the cause of his injury was work related is his own self-serving report of history. Accordingly, the Commission was free to reject the evidentiary strength and value of this report based on appellant's lack of credibility. See Roberts , 102 Ark. App. at 289, 284 S.W.3d at 103.
It is appellant's burden to demonstrate that he sustained a compensable work-related injury rather than appellee's burden to provide an alternate non-work-related cause for appellant's back condition. But appellee did introduce evidence that appellant had been involved in a traumatic high-speed ATV accident that had put him off work for two weeks just over a month before May 9, 2016. Appellee additionally provided a potential reason why appellant would have gone to the emergency room and reported a work injury that day. Brian was specifically asked this question at the hearing and noted that appellant's motivation was "probably for drugs." Evidence to support this allegation includes appellant's own admission of a history of drug use and struggle for sobriety. He acknowledged that he was unable to stay sober after the ATV accident, as confirmed by drug tests performed at the emergency room confirming that he had smoked marijuana laced with methamphetamine and taken hydrocodone after the ATV accident.
By July 29, 2016, appellant reported to his primary-care physician that he was experiencing opioid dependence. Given the timing of the various events, the evidence before the Commission could have supported a finding that appellant went to the emergency room on May 9, 2016, seeking drugs and was willing to fabricate an injury to obtain them. The records indicate that appellant received injections of Toradol and Solu-Medrol and prescriptions for Robaxin, tramadol, and meloxicam from the emergency room on May 9, 2016.
*730 The Commission also had before it contradictory evidence as to whether appellant had suffered prior back issues. Although appellant repeatedly denied any prior back issues, his medical records noted in multiple places that he had a history of spinal surgery. Similarly, appellant's medical records from the March 2016 emergency-room visit note that he denied illicit drug use, while testing positive for methamphetamine, amphetamine, opiates, and marijuana.
Appellant is required to prove a causal connection between his injury and the alleged May 9, 2016 boulder-lifting incident. Johnson , supra. Often, the primary evidence of causation for a claimant's injury consists of the claimant's own testimony. Id. Accordingly, this case rests on whether appellant's account was credible, which makes relevant the Commission's credibility findings.
Appellant is requesting that we reweigh the medical evidence and credibility findings made by the Commission. As previously stated, the Commission determines credibility, weighs the evidence, and resolves conflicts in medical testimony and evidence. Viewing the Commission's decision in the light most favorable to its findings, we hold that the Commission's decision is supported by substantial evidence.
Affirmed.
Murphy and Brown, JJ., agree.