Cite as 2021 Ark. App. 50

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-20-205

|  |  |
|---|---|
| MARY WILLIS | **Opinion Delivered** February 3, 2021 |
| APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G507447] |
| V. | |
| ARKANSAS DEPARTMENT OF CORRECTION; PUBLIC EMPLOYEE CLAIMS DIVISION; AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND | |
| APPELLEES | AFFIRMED |

## LARRY D. VAUGHT, Judge

Mary Willis (now Patterson) appeals the February 21, 2020 opinion of the Arkansas Workers' Compensation Commission (Commission) finding that she failed to meet her burden of proving that (1) she sustained a compensable neck injury on September 28, 2015, and (2) she is entitled to permanent partial-impairment benefits for the compensable low-back injury she suffered on September 28, 2015. Willis argues on appeal that the Commission's findings are not supported by substantial evidence. We affirm.

Willis testified before the administrative law judge (ALJ) that she had been hired by the Arkansas Department of Correction (ADC) as a correctional officer in 2000. She worked for the ADC until March 2014, when she suffered non-work-related injuries to her neck and back, which required surgery in April 2014 and August 2014, respectively. She said that after her surgeries, she remained off work and continued to receive medical treatment for her neck and back. When her FMLA leave expired in September 2014, Willis was terminated from the ADC. Willis applied for

Social Security disability benefits based on these neck and back conditions. Her application was denied initially, but following an appeal, she was granted benefits in February 2016.

On July 29, 2015, Willis was rehired by the ADC. She testified that she had some discomfort in her neck and back upon her rehire but that she was able to pass a physical and complete the essential functions of her job. On September 28, Willis was climbing the ladder to the watch tower at the prison when she felt a pop in her low back and felt pain there. She reported the incident and her low-back pain to her supervisor, Captain McNary. The ADC accepted her lumbar injury as compensable.

Willis testified that a week later she started experiencing arm and neck pain. She contacted Linda Corpier, the workers'-compensation claims specialist assigned to her case, to report it. Corpier questioned why Willis did not report neck pain on the day of the incident, and Willis said she "wasn't feeling this at first." Willis said Corpier advised her to contact Captain McNary again and file another claim. Captain McNary told Willis to contact personnel, which she did, but personnel did not respond. Willis said she was terminated from the ADC on October 30.

Willis testified that she has continued to have neck pain since the September 28 incident and has sought medical treatment for it. She asked the ALJ to find that she suffered a compensable neck injury as a result of the September 28 incident and that she is entitled to permanent partial-disability benefits for her compensable low-back injury.

Willis's medical records reveal that she has extensive preexisting neck and low-back conditions. Willis had an interior cervical decompression and arthrodesis on April 8, 2014, and a transforaminal lumbar interbody fusion at L4-L5 and laminectomy at L3, L4, and L5 on August 5, 2014. After these surgeries, Willis continued to receive medical treatment for neck and back pain. On January 23, 2015, Willis was seen by her internist, Dr. Sudhir Kumar, for complaints of

tailbone, right-leg, and back pain. In May, Willis was seen by a nurse practitioner for complaints of diffuse low-back pain that radiated into her right leg. On July 1, Dr. Calin Savu performed a right lumbar medial branch block at L4-L5 and L5-S1. His report also states that Willis was experiencing pain that radiated into her left arm. On August 28, Willis was seen again by Dr. Kumar for complaints of low-back pain. On September 8, Dr. Savu performed another right lumbar medial branch block. Notably, Dr. Savu's report states that Willis was experiencing pain in her cervical spine that radiates into her arms.

On September 28, the day of Willis's work incident, Willis was treated by Dr. Prasad Athota. She reported to him that she was climbing a ladder at work when she felt something pop in her back and began to hurt. Her chief complaint was "back pain." Dr. Athota noted muscle spasms in the low back, but palpation of the neck revealed no abnormalities. He recommended a lumbar CT that later showed no acute findings and stable postoperative change.

Willis returned to Dr. Athota on October 5 complaining of pain in her back and in her arm and neck. However, Willis saw Dr. Kumar on October 12, 2015, complaining of low-back pain, but she did not mention any neck complaints. Dr. Kumar wrote, "Neck supple, full range of motion, no cervical lymphadenopathy."

Willis saw Dr. Athota again on October 26. She complained of low-back and neck pain. Dr. Athota found neck and low-back muscle spasms and nerve impingement. He recommended that Willis be seen by neurosurgeon Dr. Steven Cathey. In an October 28 addendum to the October 26 report, Dr. Athota opined that Willis's neck problems are not work related.

Dr. Cathey performed an independent medical examination of Willis on November 9. His neurological exam of Willis's neck and back was "entirely negative," with no signs of cervical myeloradiculopathy or lumbar radiculopathy. He stated that the recent lumbar CT showed no

abnormalities that can be linked to the September 28 work incident. He opined that the lumbar fusions look good and that the spinal instrumentation is in perfect position. He opined that Willis is not a candidate for spinal surgery or other neurological intervention, she had reached maximum medical improvement with regard to the September 28 incident, she suffered no impairment rating because there are no objective findings either clinically or radiographically, and she could return to work without restriction.

In a September 26, 2019 opinion, the ALJ found that Willis had failed to prove by a preponderance of the evidence that she sustained a compensable neck injury on September 28, 2015, and that she also failed to prove that she is entitled to permanent partial-disability benefits for her compensable lumbar injury of September 28. In denying Willis's claims, the Commission found that she was not a credible witness, and it afforded significant weight to the opinions of Dr. Cathey. Willis appealed the ALJ's opinion, and on February 21, 2020, the Commission entered an opinion affirming and adopting the ALJ opinion. This appeal followed.

Arkansas law permits the Commission to adopt the ALJ's opinion. *Hargis v. Lovett*, 2018 Ark. App. 227, at 5, 547 S.W.3d 724, 727. When the Commission adopts the ALJ's opinion, it makes the ALJ's findings and conclusions its findings and conclusions, and for the purpose of appellate review, we consider both the ALJ's opinion and the Commission's majority opinion. *Id.*, 547 S.W.3d at 727.

In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Yates v. Boar's Head Provisions Co., Inc.*, 2017 Ark. App. 133, at 4, 514 S.W.3d 514, 516. When the Commission denies benefits because the claimant has failed to meet his or her burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision

4

displays a substantial basis for the denial of relief. *Id.*, 514 S.W.3d at 516. The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission; if so, the appellate court must affirm. *Id.*, 514 S.W.3d at 516. Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id.*, 514 S.W.3d at 516. Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. *Id.*, 514 S.W.3d at 516.

Willis's first point on appeal is that substantial evidence does not support the Commission's finding that she failed to prove that she suffered a compensable neck injury on September 28, 2015. To prove a compensable injury resulting from a specific incident that is identifiable by time and place of occurrence, the claimant must establish by a preponderance of the evidence (1) an injury arising out of and in the course of employment; (2) the injury caused internal or external harm to the body that required medical services or resulted in disability or death; (3) medical evidence supported by objective findings establishing the injury; and (4) the injury was caused by a specific incident identifiable by time and place of occurrence. *Id.* at 4–5, 514 S.W.3d at 516–17; Ark. Code Ann. § 11-9-102(4)(A)(i), (D), (E)(i) (Supp. 2019).

The Commission denied Willis's claim, finding that her hearing testimony—that she suffered neck and arm pain as a result of the September 28 work incident—lacked credibility in light of the September 8 medical record that provides she complained of "essentially the same issues"—neck pain radiating into her arms. The Commission also called Willis's credibility into question because on October 12, her only complaint to her physical therapist was low-back pain after climbing a ladder at work, but on October 19, she had a new report of neck and arm pain after "pulling up the buckets into the tower."

On appeal, Willis argues that reversal is warranted because she reported the work-related incident to her supervisor at the ADC the day it occurred; she reported neck complaints a week after the incident; and she testified at the hearing that her neck problems were caused by the incident and that she needs medical treatment. Willis acknowledges that she complained of neck and arm pain on September 8; however, she argues that there are no findings of cervical muscle spasms or nerve impingement in that record, and Dr. Athota identified these new findings after the work incident. Willis claims that these new objective findings support a compensable neck injury and that the Commission "overlooked or ignored this evidence."

We hold that substantial evidence supports the Commission's finding that Willis failed to prove that she suffered a compensable neck injury on September 28 while employed by the ADC. The ALJ specifically asked Willis at the hearing whether she felt anything in her neck when she was climbing the ladder and her back popped, and Willis answered no. Willis did not report a neck injury on September 28 to her employer or doctor. Her neck exam on September 28 revealed "no abnormalities." Finally, Dr. Athota has opined that Willis's neck and arm complaints are not work related.

Moreover, it is undisputed that Willis suffered from a significant preexisting neck injury. She had neck surgery in 2014, she applied for and ultimately received Social Security disability benefits for this injury (along with her preexisting low-back injury), she admittedly experienced discomfort in her neck when she was rehired by the ADC in 2015, and she complained of neck pain radiating into her arms on September 8—just weeks prior to the September 28 incident. The Commission afforded great weight to the September 8 report, which it is entitled to do. *Marshall v. Ark. Dep't of Corr.*, 2020 Ark. App. 112, at 6, 594 S.W.3d 160, 163. Because Willis had presented with neck and arm complaints just weeks before the alleged work incident and because of

6

inconsistencies in her reports to her doctors concerning the existence and cause of her neck pain, the Commission discounted her hearing testimony that her neck and arm pain were caused by the work incident. The Commission is not required to believe the testimony of the claimant or any other witness but may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief. *Id.* at 5, 594 S.W.3d at 163.

We reject Willis's argument that the Commission's opinion must be reversed because it ignored or overlooked medical evidence that indicated she had new objective findings of cervical muscle spasms and nerve impingement after the September 28 work incident. The Commission's opinion expressly states that it "reviewed the entirety of the medical and documentary evidence submitted herein." Additionally, the existence of new objective findings is not relevant in this case because the Commission found that Willis failed to prove that her neck problems were caused by the ladder-climbing incident while employed at the ADC. Viewing the Commission's compensability decision in the light most favorable to its findings, we hold that it is supported by substantial evidence.

Willis's second point on appeal is that substantial evidence does not support the Commission's finding that she failed to prove that she was entitled to permanent partial-disability benefits. She points to evidence of lumbar decreased range of motion, muscle spasms, and nerve impingement and claims these findings support the issuance of a lumbar impairment rating.

Permanent impairment is permanent functional or anatomical loss remaining after the healing period has ended. *O'Guinn v. Little River Mem'l Hosp.*, 2013 Ark. App. 593, at 6–7, 430 S.W.3d 150, 155. Our workers'-compensation law provides that "[a]ny determination of the existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings." Ark. Code Ann. § 11-9-704(c)(1)(B) (Repl. 2012).

The facts in the case at bar are similar to those in *O'Guinn*. In *O'Guinn*, we affirmed the Commission's opinion denying the appellant's claim for permanent partial impairment for a compensable low-back injury. In denying her claim, the Commission acknowledged objective findings on the appellant's lumbar MRI and the presence of muscle spasms in her medical records. *O'Guinn*, 2013 Ark. App. 593, at 8, 430 S.W.3d at 155. However, the Commission weighed that evidence against other evidence that no physician had assigned the appellant a permanent impairment rating, she admittedly had some degree of preexisting back symptomatology, and her credibility was damaged as a result of an unreliable and inconsistent effort on her functional capacity evaluation. *Id.*, 430 S.W.3d at 155–56.

As in *O'Guinn*, Willis also has objective lumbar findings—Dr. Athota identified muscle spasms and found evidence of nerve impingement.[1] However, like the appellant in *O'Guinn*, Willis has a preexisting lumbar condition. She has received treatment for her lumbar condition since her 2014 lumbar surgery and received treatment just twenty days prior to her occupational injury. Like *O'Guinn*, no physician has issued Willis an impairment rating. To the contrary, Dr. Cathey opined that Willis is not entitled to an impairment rating because she has no objective findings: he found that her neurological exam was entirely negative, her recent lumbar CT showed no abnormalities that can be linked to the September 28 work incident, and her prior lumbar fusions look good and the spinal instrumentation is in perfect position.

The Commission "afford[ed] considerable weight" to Dr. Cathey's opinion, which it is authorized to do, *O'Guinn*, 2013 Ark. App. 593, at 7, 430 S.W.3d at 155, and found that because

---

[1]Contrary to Willis's argument, decreased range-of-motion findings do not support her claim for an impairment rating. Ark. Code Ann. § 11-9-102(16)(A)(ii)*(b)* (for the purpose of making physical or anatomical impairment ratings to the spine, range-of-motion tests shall not be considered an objective finding).

"there is nothing in the record to demonstrate that [Willis] . . . has sustained any objective change to her lumbar spine in relation to her compensable lumbar injury of September 28, 2015," Willis is not entitled to permanent partial-disability benefits. Substantial evidence supports this finding.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Caldwell Law Firm, P.A.*, by: *Andy L. Caldwell*, for appellant.

*Charles H. McLemore, Jr.*, for separate appellee Arkansas Dep't of Correction, Public Employee Claims Division.