Cite as 2020 Ark. App. 166

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-19-673

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HEALTH AND PUBLIC EMPLOYEE CLAIMS DIVISION<br><br>APPELLANTS<br><br>V.<br><br><br>JEFFERY W. LOCKHART<br>APPELLEE | **Opinion Delivered:** March 11, 2020<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G309119]<br><br><br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellants, Arkansas Department of Health and Public Employee Claims Division (ADH), appeal the decision of the Arkansas Workers' Compensation Commission (Commission) in favor of appellee, Jeffery W. Lockhart. For the following reasons, we affirm.

On appeal, ADH argues two points. First, Lockhart's claim should be barred by the applicable statute of limitations pursuant to Arkansas Code Annotated section 11-9-702. Second, Lockhart did not sustain a compensable injury on September 20, 2013, and he did not meet his burden of proving that he sustained a compensable injury within the course and scope of his employment.

We turn first to the threshold issue of whether the statute of limitations as set out in Arkansas Code Annotated section 11-9-702(a)(1), bars Lockhart's claim for benefits. The Arkansas Workers' Compensation Act recognizes two types of claims. One is where some benefits have been voluntarily paid and a claim has been filed requesting certain additional benefits. The other type of claim, which is the type in this case, is an original claim filed when no benefits have ever been provided by the respondent. Lockhart was employed by ADH as a health inspector in its Hot Springs office when he injured his neck while moving tables with a coworker in September 2013.

Janet McAdams, an ADH area administrator, learned of the accident on the date it occurred, September 20, and discussed the matter with Lockhart that day. However, she did not file an incident report regarding the accident or take any other steps to report the injury to her superiors until November 2013. Lockhart continued to receive additional medical care through the Veterans Administration and continued to work, using his accrued sick leave, or leave through the ADH catastrophic-leave program, when he was unable to work. After some communication between Lockhart and ADH regarding workers'-compensation benefits, Lockhart received a letter from the Public Employee Claims Division (PECD) that his request for benefits would be denied. The letter was dated June 13, 2014.

On July 9, 2014, Lockhart wrote a letter to the Commission requesting certain additional benefits based upon his injury. A Commission legal advisor, Charles McLemore, wrote to Lockhart on August 7, 2014, notifying him that since he had not completed a "Legal Advisor Questionnaire," his claim was being returned to the Commission's open

2

general files. Significantly, this letter did not advise Lockhart to file any additional documents to preserve his claim for future determination, explain the statute of limitations, state the deadline for action, or otherwise take any steps to properly file a claim. The letter merely stated the claim would be kept in the open general files.

The administrative law judge (ALJ) determined that Lockhart had not filed a timely claim pursuant to Arkansas Code Annotated section 11-9-702(a)(1). However, the Commission reversed that finding and held that the July 9 letter constituted a claim for benefits and tolled the applicable statute of limitations. We hold that the Commission's finding is supported by substantial evidence.

The July 9 letter sets out a commission claim number, references a denial of benefits, specifically requests benefits, and asks for a hearing on Lockhart's entitlement to those benefits. While it is not on a Commission-designated claim form (AR-C), there is no requirement in the Workers' Compensation Act that a claim for benefits be made on any particular form. As noted by the Commission in its decision, had the legislature intended that an injured worker be required to file a claim using a particular claim form, it could easily have expressed its intent as it has done in other statutes. The fact that there is no requirement to use a designated claim form indicates the legislature did not intend to create such a limitation.

Whether a letter requesting a hearing to determine entitlement to benefits or otherwise seeking assistance from the Commission in pursuing a claim is sufficient to commence a claim for benefits has been considered on several occasions, by both our court and the Commission. *See Stewart v. Ark. Glass Container*, 2010 Ark. 198, 366 S.W.3d 358;

*Spencer v. Stone Container Corp.*, 72 Ark. App. 450, 38 S.W.3d 909 (2001). Those cases differ from the instant case in that the determination of whether the letter constituted the filing of a claim that tolls the statute of limitations turned on whether the requests made in the letter were acted on—in other words, if the Commission did not address the claimant's entitlement to the benefits sought in the letter, the statute of limitations was tolled until those claims were addressed.

Although the case here involves an initial claim, the same analysis serves as an appropriate guide. When Lockhart sent a letter appealing the denial of his claim, requesting a hearing, and requesting additional benefits, the Commission found that this action constituted the filing of a claim. Even though Lockhart may not have used the correct terminology or the preprinted form, it is clear he was attempting to open an initial claim for the benefits that were denied by the PECD. Further, the letter to Lockhart from Charles McLemore and the Commission shows that the Commission considered Lockhart's letter to be a claim since it references the return of the claim to open general files.

Lockhart also made a written request for a hearing to obtain medical and disability benefits. In making this request, he referenced a conversation he had with Commission representatives, and in following their advice, he clearly believed he had taken the appropriate action to preserve his claim for future determination. The letter placed everyone, including the appellants, on notice that Lockhart intended to pursue a claim for medical and disability benefits.

The Commission's finding that the July 9 letter from Lockhart met all the requirements of a claim for benefits is supported by substantial evidence. We will not reverse

4

if reasonable minds could have reached the same conclusion. *See Long v. Wal-Mart Stores, Inc.*, 98 Ark. App. 70, 250 S.W.3d 263 (2007). Here, reasonable minds could have reached the same conclusion as the Commission.

Appellants' second argument is that substantial evidence does not support the Commission's finding that Lockhart sustained a compensable injury to his neck on September 20, 2013, while acting in the course and scope of his employment. On appellate review, our court must consider evidence in the light most favorable to the findings of the Commission and give testimony its strongest probative force in favor of the Commission's action. *Ellison v. Therma Tru*, 71 Ark. App. 410, 30 S.W.3d 769 (2000).

The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858. Additionally, questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id.* Thus, we are foreclosed from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. *Wilson v. Smurfit Stone Container*, 2009 Ark. App. 800, 373 S.W.3d 347.

To receive workers'-compensation benefits for a specific-incident injury, a claimant must establish that the injury arose out of and in the course of employment and was caused by a specific incident that is identifiable by time and place of occurrence. Ark. Code Ann. § 11-9-102(4)(A)(i). In the present case, the Commission determined that Lockhart

5

established the occurrence of a specific-incident injury to his neck while acting within the course and scope of his employment with the ADH. Lockhart testified that on September 20, 2013, he and a coworker were attempting to move a desk from a conference room that was going to be remodeled. He described the desk as large, awkward, and difficult to carry. Lockhart stated that while moving the furniture, he felt his neck "pop." He described feeling a "real deep, hard pain."

Lockhart's testimony was substantiated by two witnesses. James Kisner testified that he is the coworker who had helped Lockhart move the desk out of the conference room. According to Kisner, he, Lockhart, and another coworker had been moving the office furniture out of the conference room at the request of Janet McAdams, the ADH regional director. He testified that while moving a very large, heavy metal desk through the door, he saw Lockhart "grimace" as Lockhart requested that they put the desk down. Kisner also testified that after they stopped moving the office furniture, Lockhart seemed to be in pain with a stiff neck and could hardly move his head. After the injury, they stopped moving the furniture.

McAdams also testified at the hearing. She stated that although she is now retired, at the time of Lockhart's injury she was the regional administrator of the ADH office in Hot Springs. She testified she oversaw personnel working in the office, including Lockhart. McAdams explained that the furniture in the conference room was being moved because flooring was being installed in that area, and employees like Lockhart were expected to assist in such projects.

McAdams testified that on the day of Lockhart's injury, she was told by another coworker that Lockhart had injured himself while moving the furniture. She further testified that she immediately went to see Lockhart and noticed he was clearly in pain and was suffering the effects of the injury. She stated she discussed filing a workers'- compensation claim with him at that time and was fully aware of the specific time the injury occurred.

The appellants contend Lockhart's testimony in regard to the injury is "littered with inconsistencies and contradictions." We disagree. Lockhart's recitation of the facts was corroborated by both Kisner and McAdams.

Additionally, there is medical evidence to establish a compensable injury in this case. A compensable injury must be established by medical evidence supported by "objective findings." Ark. Code Ann. § 11-9-102(4)(D) (Supp. 2019). Objective findings have been defined as those that cannot come under the voluntary control of the patient. *United Farms, Inc. v. Gist*, 2009 Ark. App. 717, 374 S.W.3d 23. There is no requirement that medical testimony be based solely or expressly on objective findings, only that the record contain supporting objective findings. *Singleton v. City of Pine Bluff*, 97 Ark. App. 59, 60, 244 S.W.3d 709, 711 (2006). To prove a specific-incident injury, the claimant must establish that the injury was one "arising out of and in the course of employment." Ark. Code Ann. § 11-9-102(4)(A)(ii).

The Commission found that an MRI showing a herniated disc at C5-6 with an abnormal cord signal and Dr. Shaukat Hayat's November 1, 2013 notes constituted objective evidence of an acute injury. Lockhart also underwent a cervical laminoplasty with the insertion of hardware in his neck. Appellants contend that Lockhart suffered from

7

congenital defects in his neck and he suffered a neck injury while on active duty in the Marine Corps. However, this argument was rejected by the Commission for a number of reasons. The above-referenced MRI demonstrated not only congenital and preexisting neck condition, but also a herniated disc with spinal bleeding, indicative of an acute injury. Those are clearly indications of a traumatic injury, and it was documented as such in Dr. Hayat's November 1 treatment notes.

Our court has repeatedly held that when an injury causes an increase in symptomology, so that an asymptomatic condition becomes symptomatic, this change in symptoms can itself constitute sufficient evidence of causation to justify a finding of compensability. While Lockhart frankly admitted during his testimony that he had sustained a neck injury during his service in the Marine Corps and that the Veterans Administration had awarded him disability benefits based in part on that injury, it was obvious the neck injury had not in any way limited his activities following his military discharge.

The Commission found that there was clearly a significant change in the condition of Lockhart's neck after the September 20, 2013 work accident. Prior to this incident, the condition of Lockhart's neck did not warrant surgical intervention. However, shortly after his work accident, surgical intervention was recommended. The record is also replete with evidence of how the effects of this accident had significantly altered Lockhart's lifestyle. Instead of being a physically-fit bodybuilder and marathon runner who was easily able to perform all duties required in the performance of his job, he was eventually forced to leave his employment and is now able to engage only in minimal activity. Significantly, Lockhart attempted to remain employed long after the accident, but despite having been given less

physically demanding employment, he simply was unable to continue performing his job duties and was ultimately fired.

The evidence in the case before us demonstrates that Lockhart met the evidentiary standard of establishing the occurrence of a job-related specific-incident injury. Two court of appeals cases—*Leach v. Cooper Tire & Rubber Co.*, 2011 Ark. App. 571, and *Wright v. St. Vincent Doctors Hospital*, 2012 Ark. App. 153, 390 S.W.3d 779—both dealt with situations in which an injured worker had a preexisting condition that was suddenly made worse by a specific-incident injury arising at work.  In these cases, our court held that since those claimants were unaffected by their preexisting conditions before the on-the-job injuries, the new symptoms were sufficient to establish a specific-incident injury had occurred. Such is the case here. We have long held that the employer takes the employee as he finds him. *See Conway Convalescent Ctr. v. Murphree*, 266 Ark. 985, 585 S.W.2d 462 (Ark. Ct. App. 1979).

The Commission was correct in finding that Lockhart sustained a compensable injury because substantial evidence shows there was a significant change in Lockhart's condition following the September 20, 2013 work accident. We cannot say that reasonable minds could not have reached the same conclusion as the Commission, and therefore, we affirm.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Robert H. Montgomery*, Public Employee Claims Division, for appellants.

*McKinnon Law Firm*, by: *David L. Schneider*, for appellee.