Cite as 2021 Ark. App. 459

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-21-188

| | |
|---|---|
| SHERIDAN SCHOOL DISTRICT, ARKANSAS SCHOOL BOARDS ASSOCIATION, AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND<br><br>APPELLANTS<br><br>V.<br><br>JENNIFER WISE<br><br>APPELLEE | **Opinion Delivered** November 17, 2021<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G901208]<br><br><br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

The Sheridan School District (SSD) appeals an order of the Arkansas Workers' Compensation Commission finding that appellee Jennifer Wise sustained a compensable injury. SSD argues that the Commission erred in finding that Wise proved a compensable injury and in finding that the medical records corroborated Wise's testimony. We find no error and affirm.

I. *Injury*

Wise was employed by SSD as a paraprofessional. In February 2019, Wise helped a coworker set up tables on the cafeteria stage for an assembly later that day. In the process of moving the tables, she felt a twinge in her left side. Wise did not immediately report the incident because she did not believe she had injured herself. Instead, she finished the school day that Friday, assuming that "it would be gone in a day."

Wise returned to work on Monday. By the end of the workday, she was sore and achy in her lower back. On Tuesday, she had a hard time standing for long periods and had to sit frequently throughout the day. Although she worked with difficulty on both days, she did not report her injury to SSD because she thought she had simply "stretched something that didn't normally get used" and that it "would calm down after a few days."

On Wednesday, however, Wise's back was "really hurting" so she went to the assistant principal. Wise told the assistant principal about moving the tables and related her discomfort to that incident. SSD provided Wise with the necessary paperwork and got her an appointment by the end of the day at the Winston Clinic.

## II. *Medical Treatment*

At the direction of SSD, Wise presented to the Winston Clinic for an "acute visit" related to "workman's comp."[1] In her history, Wise reported left-side low back pain for six days after lifting and moving tables up a small flight of stairs. In her "review of systems," she complained of back pain, stiffness, and muscle aches. On examination, she reported tenderness to palpation over her left sacro-iliac (SI) joint and over the left lumbar paraspinals. She was diagnosed with acute sciatica and was prescribed cyclobenzaprine and ibuprofen, was given back-care instructions, and was released to return to work, but she was advised to return in two weeks if she saw no improvement.

On Thursday, Wise could not get out of bed. She emailed her principal and asked to go back to the Winston Clinic; however, the clinic had no available appointments that day. Instead, Wise sought medical treatment from a MedExpress clinic in Pine Bluff. On

---

[1]Wise's visit to the Winston Clinic occurred on Wednesday, five days after her injury.

examination, she had a full but painful range of motion during flexion of the lower back and diminished patellar reflexes on the left. She received steroid and anti-inflammatory injections, was diagnosed with back sprain/strain, and was sent home with a prescription for Medrol.

On Saturday, eight days after her injury, Wise attended a school competition for her daughter, sitting in the bleachers to watch. Halfway through the competition, she had to leave because of the pain. She sought medical attention at a nearby MedExpress in Benton for numbness and pain that radiated from the SI area to her hip and into her calf. On examination, she exhibited an abnormal gait and stance, decreased strength in her lower left extremity, decrease in tactile sensation, absent patellar tendon reflexes, and diminished Achilles tendon reflexes. MedExpress recommended that Wise go immediately to the nearest emergency department for further evaluation.[2]

On MedExpress's recommendation, Wise went to the emergency department at CHI St. Vincent in Little Rock for further treatment.[3] St. Vincent emergency room records indicated that Wise had been "sent over by MedExpress for back pain that has started hurting in her leg and now the reflex in her left foot is gone. Workers' comp/on the 15th—moved tables and got worse over the last week." Dr. Pate, the emergency room physician who

_____

[2]Wise also received a "medical excuse form" from the Benton MedExpress that stated she was seen in the clinic on February 23, 2019, and released to return to work on February 28. The form also reflected that Wise "needs ER visit and further assessment due to numbness in the left leg, post moving tables."

[3]Wise chose to go to St. Vincent, which was not technically the nearest emergency room, because she had been treated there before and believed they would already have a file on her. She said she was comfortable there and pleased with her earlier treatment, so that is why she went there and not a hospital closer to Benton.

3

treated Wise, wrote that "the patient presents with back pain. The onset was . . . AFTER LIFTING TABLE AT WORK. The location where the incident occurred was at work." (Emphasis in original.) At St. Vincent, Wise underwent an MRI. Dr. Kusenberger interpreted the MRI results as revealing abnormalities at L2-3, L3-4, and L4-5.[4] Dr. Pate discharged Wise from the emergency department with a diagnosis of "lumbar disc herniation."

On the basis of a referral from Dr. Pate, Wise received treatment from Dr. Rammos. Dr. Rammos reviewed Wise's MRI and observed the presence of "lumbar spondylosis and stenosis and bilateral foraminal stenoses [at] L4-L5." He took her off work until March 12, 2019, at which time she could return without restrictions. He discussed various treatment options with Wise, and she opted for physical therapy.

Wise received physical therapy and experienced some relief from her back pain. She expressed a desire to continue with physical therapy because she wanted her back to return to its prior state. Her physical therapist recommended that Wise refrain from "car duty" at school and limited her to lifting ten pounds for two weeks.

III. *Proceedings Before the Workers' Compensation Commission*

An administrative law judge found that Wise failed to prove that she sustained a compensable injury.[5] Wise appealed the ALJ's opinion to the full Commission, which, in a

---

[4]Dr. Kusenberger reported a "tiny central protrusion" at L2-3, a "mild posterior bulge [that] mildly indents the thecal sac" at L3-4 and L2-3, and a "mild broad based posterior bulge with facet hypertrophy" and a "small right sided annular tear" at L4-5.

[5]It is well settled that the ALJ's findings are irrelevant for purposes of appeal, as this court is required by precedent to review only the findings of the Commission and ignore those of the ALJ. *Multi-Craft Contractors, Inc. v. Yousey*, 2018 Ark. 107, at 6, 542 S.W.3d

4

2–1 decision with no written dissent, reversed and found that Wise had proved she sustained a compensable injury. The Commission expressly found Wise to be a credible witness and found that the medical records corroborated her testimony that she sustained a work–related injury to her back while lifting a table at work on February 15. SSD timely appealed the Commission's decision to our court.

## IV. *Standard of Review*

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. *Ark. Dep't of Parks & Tourism v. Price*, 2016 Ark. App. 109, 483 S.W.3d 320. We must affirm the decision of the Commission if it is supported by substantial evidence. *Id.* Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion of the Commission. *Id.* We reverse the Commission's decision only if we are convinced that fair-minded persons could not have reached the same conclusion with the same facts before them. *Bronco Indus. Servs., LLC v. Brooks*, 2021 Ark. App. 279, 625 S.W.3d 753.

## V. *Analysis*

In its first point on appeal, SSD contends that the Commission erred in finding that Wise proved by a preponderance of the evidence that she sustained a compensable injury that is supported by objective medical evidence. Arkansas Code Annotated section 11-9-102(4)(A)(i) (Repl. 2012) defines a compensable injury as "[a]n accidental injury causing

---

155, 159 (citing *Johnson v. Bonds Fertilizer, Inc.*, 375 Ark. 224, 289 S.W.3d 431 (2008)). As such, we do not recount the ALJ's conclusions herein.

internal or external physical harm to the body . . . arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is 'accidental' only if it is caused by a specific incident and is identifiable by time and place of occurrence[.]"

Concerning Wise's compensable injury, the Commission wrote:

> The Full Commission finds that the claimant proved by a preponderance of the evidence that she sustained a compensable injury in accordance with Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). The claimant proved that she sustained an accidental injury causing physical harm to the body. The claimant proved that the injury arose out of and in the course of employment and required medical services. The injury was caused by a specific incident and was identifiable by time and place of occurrence on February 15, 2019.

SSD argues, however, that the evidence in this case fails to support a finding that Wise sustained an injury that is supported by objective medical evidence. Ark. Code Ann. § 11-9-704(c)(1)(B) (Repl. 2012) provides that any determination of the existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings. "Objective findings" are those findings which cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16)(A)(i) (Supp. 2021). As the claimant, Wise bears the burden of proving a compensable injury by a preponderance of the evidence. Ark. Code Ann. § 11-9-102(4)(E)(i).

SSD argues that Wise failed to meet her burden. It points out that Wise's first medical record from the Winston Clinic reflects that she was prescribed medication for "back pain." It further cites the records from both MedExpress clinics reflecting she suffered from "tenderness" in her lower back, an altered gait, and diminished reflexes. SSD contends that these findings are not "objective medical findings" in the sense that Wise failed to prove

they were not within her voluntary control.[6] Essentially, SSD attacks the Commission's specific finding that "the claimant established a compensable injury by medical evidence supported by objective findings not within the claimant's voluntary control" and invites this court to reassess the weight of the evidence assigned by the Commission. We decline the invitation because the issue for us is not whether we might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission. *Ark. Dep't of Health v. Lockhart*, 2020 Ark. App. 166, 594 S.W.3d 924.

In reaching its conclusion that Wise established a compensable injury, the Commission determined that the medical evidence was supported by objective findings:

> These objective medical findings included the annular tear at L4-5 by Dr. Kusenberger on February 23, 2019 as well as Dr. Pate's February 23, 2019 diagnosis of "lumbar disc herniation." The Full Commission finds that Dr. Kusenberger's and Dr. Pate's diagnoses are entitled to significant evidentiary weight. [Citation omitted.] The Full Commission finds that the claimant's objective medical findings were causally related to the February 15, 2019 accidental injury and were not the result of a prior injury or pre-existing condition.

SSD nonetheless argues that none of the medical records identified any acute injury that could be related to a specific injury. Therefore, SSD urges this court to conclude that there were no objective medical findings to support a conclusion that Wise sustained an injury as a result of a specific incident identifiable by time and place of occurrence.

SSD's argument essentially asks this court to reject the Commission's conclusion that the MRI findings of an annular tear and Dr. Pate's diagnosis of a lumbar disc herniation were causally related to the February 15 incident. SSD asserts that these findings are disputed

---

[6]Complaints of pain, straight-leg-raising tests, and range-of-motion tests are expressly excluded from the definition of "objective findings." Ark. Code Ann. § 11-9-102(16)(A)(ii)(a)–(b).

7

by Dr. Rammos's report in which he "only described degenerative findings of lumbar spondylosis and stenosis" and did not relate Wise's back pain and MRI results to the February 15 incident.

We once again decline this invitation because questions regarding the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id.* It is within the Commission's province to weigh all the medical evidence, to determine what is most credible, and to determine its medical soundness and probative force. *USA Truck, Inc. v. Webster*, 2020 Ark. App. 226, 599 S.W.3d 368 (citing *Minn. Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999); *LVL, Inc. v. Ragsdale*, 2011 Ark. App. 144, at 7, 381 S.W.3d 869, 873). We have long held that the Commission's decision to accept or reject medical opinions and how it resolves conflicting medical evidence has the force and effect of a jury verdict. *St. Edward Mercy Med. Ctr. v. Chrisman*, 2012 Ark. App. 475, 422 S.W.3d 171. In weighing the evidence, the Commission may not arbitrarily disregard medical evidence or the testimony of any witness. *Tempworks Mgmt. Servs., Inc. v. Jaynes*, 2020 Ark. App. 70, at 3, 593 S.W.3d 519, 522. When the Commission chooses to accept the testimony of one physician over that of another, however, the appellate court is powerless to reverse the decision. *Hernandez v. Wal-Mart Assocs., Inc.*, 2009 Ark. App. 531, at 3, 337 S.W.3d 531, 532 (citing *Ark. Wood Prods. v. Atchley*, 21 Ark. App. 138, 729 S.W.2d 428 (1987) (rejecting an argument that the opinions of three orthopedic specialists should be given greater consideration than that of the family physician and explaining that the matter involved the weight and probative force of the evidence rather than its substantiality)).

The Commission had before it medical records from the Winston Clinic that specifically related the table-lifting incident to the low back injury that Wise experienced. Dr. Pate's emergency room discharge summary, in which he diagnosed Wise with a lumbar disc herniation, also specifically referenced the lifting incident. The Commission explicitly relied on this evidence in finding that the medical evidence of record expressly corroborated the claimant's testimony. Obviously, the Commission gave more weight to Dr. Pate's diagnoses than it did to Dr. Rammos's. Our caselaw makes it clear that it is up to the Commission, as the finder of fact, to resolve conflicting medical opinions and evidence. *Rude v. City of Bella Vista*, 2018 Ark. App. 159; *Hernandez*, *supra*. We therefore conclude that the evidence, viewed in the light most favorable to the Commission's findings, is such that reasonable minds could have reached the conclusion of the Commission without resort to speculation or conjecture.

In its second point on appeal, SSD challenges the Commission's finding that the medical records corroborate Wise's testimony, contending that the Commission's conclusion is not supported by substantial evidence. To support its argument, SSD highlights that Wise did not report an injury on Friday, February 15, or on the following Monday or Tuesday. In fact, it notes that Wise testified that she was "okay" after moving the table on February 15 and that Wise "denied an acute injury" when she first sought medical treatment on February 20. Moreover, SSD claims that Wise engaged in doctor shopping "until she found a doctor that told her what she wanted to hear." We acknowledge that Wise received

9

medical attention from several different providers within a short period of time.[7] She explained why she sought treatment from different care providers over that period of time, however, and the Commission found her explanations credible.

Similar arguments were made and rejected in *Pafford Medical Billing Services, Inc. v. Smith*, 2011 Ark. App. 180, 381 S.W.3d 921. In *Pafford*, the claimant testified that she did not report her injury the day it occurred or seek immediate medical treatment because she did not think it was "any big deal" initially and thought that she had only strained a muscle. The employer argued that the only evidence with regard to the incident came from the claimant's "vague and uncorroborated" testimony. In affirming, we held that the claimant's credibility was exclusively for the Commission to decide, and it had found her to be "an extremely credible witness." *Id*. at 7, 381 S.W.3d at 926.

Likewise, in this case, SSD's argument amounts to nothing more than a challenge to Wise's credibility. The Commission, however, expressly found Wise to be a credible witness. It is well settled that questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Central Moloney, Inc. v. Holmes*, 2020 Ark. App. 359, 605 S.W.3d 266; *Fulton Cnty. Hosp. v. Herring*, 2020 Ark. App. 221, 597 S.W.3d 162; *Ark. Health Ctr. v. Burnett*, 2018 Ark. App. 427, 558 S.W.3d 408. Moreover, once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. *Willis v. Ark. Dep't of Corr.*, 2021 Ark. App. 50, 616 S.W.3d 679. We therefore affirm the Commission's decision.

---

[7]She was seen by the Winston Clinic, at a MedExpress in Pine Bluff, at another MedExpress in Benton, and finally in a Little Rock emergency room.

Affirmed.

ABRAMSON and BARRETT, JJ., agree.

*Barber Law Firm PLLC*, by: *Karen H. McKinney*, for appellant.

*Laura Beth York*, for appellee.