Cite as 2025 Ark. App. 120

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-24-344

| | |
|---|---|
| ROCK REGION METRO AND ATA WC TRUST/RISK MANAGEMENT RESOURCES<br><br>APPELLANTS<br><br>V.<br><br>ERICA BEARFIELD<br>APPELLEE | Opinion Delivered February 26, 2025<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br><br>[NOS. H205069 & H204225]<br><br>AFFIRMED |

**CASEY R. TUCKER, Judge**

Appellants Rock Region Metro and ATA WC Trust and Risk Management Resources (collectively "Rock Region") appeal the Arkansas Workers' Compensation Commission's ("the Commission's") decision affirming and adopting the opinion of the administrative law judge (ALJ) finding that appellee, Erica Bearfield, suffered a compensable shoulder injury during the scope of her employment on March 15, 2022. Rock Region's sole point on appeal is that the Commission's decision is not supported by substantial evidence. We affirm.

I. *The Incidents*

Bearfield had worked as a bus driver for Rock Region since 2004. Starting during the COVID pandemic and significantly before September 3, 2021, extending through at least March 15, 2022, Rock Region installed sneeze shields on buses to protect drivers by

separating them from the passengers. During Bearfield's eight-hour shift, she (1) opened and closed the shields thirty to thirty-five times an hour; (2) lowered the bus thirty to thirty-five times an hour; (3) processed bus passes twenty to thirty-five times an hour; and (4) accepted money ten to fifteen times an hour. Bearfield uses her right arm and shoulder approximately 90 percent of the time for these tasks.

Bearfield filed two claims with the Commission for shoulder-related incidents. The first incident occurred on September 3, 2021 (the "September 2021 Claim"), and the second incident occurred on March 15, 2022 (the "March 2022 Claim"). Regarding the September 2021 Claim, Bearfield's right arm began hurting about a month earlier. However, Bearfield stated the specific injury occurred on September 3, 2021, while she was on duty on the bus assisting wheelchair-bound passengers with their bags. The incident report identified the mechanism of injury as "repetitive movement." The nurse practitioner assessed Bearfield as having right shoulder pain with sprain. A shoulder x-ray taken that same day did not reflect any acute abnormalities. Bearfield was treated at Concerta Centers, where she received a steroid shot and was diagnosed with pain in her right shoulder. She returned to work with no restrictions. The claim was originally accepted as medical benefits only. Bearfield acknowledged during the hearing that there were no objective findings of injury.

Concerning the March 2022 Claim, Bearfield testified that she sustained an additional injury or aggravation to her right shoulder on March 15, 2022. Bearfield had been working a significant number of overtime hours during this time. Bearfield testified that on March 15, 2022, while moving the sneeze shield, she felt a pop. Later that day while she was

securing a wheelchair, her shoulder began to hurt "real bad." When comparing this pain to the pain she had after the September 3 incident, the March 15 pain was worse, and she could not lift her arm. She informed Rock Region the next day that she could not come to work due to the pain. Forms completed by Bearfield reflect that the date of the accident was March 15, 2022, and Rock Region was notified of the injury on March 29, 2022. Bearfield did not engage in any activities or suffer any accidents that could have caused her right should pain in March 2022 other than her work at Rock Region.

Bearfield had an MRI in March 2022, with the following impression:

1. Mild distal supraspinatus tendinosis with questionable tiny focal full-thickness tear of the distal anterior leading edge of the supraspinatus tendon insertion.

2. Sublabral foramen versus SLAP tear.

3. Small glenohumeral joint effusion.

4. Mild degenerative arthrosis of the acromioclavicular joint.

5. Small amount of fluid in the subacromial subdeltoid bursa which may indicate mild bursitis.

Further x-rays taken on April 7, 2022, found it was "most likely sequelae of underlying rotator cuff degeneration/tear." Bearfield saw Dr. O'Malley on June 30, 2022, at which time surgery was offered. Bearfield proceeded with the surgery on July 26, 2022. Dr. O'Malley's postoperative diagnosis was a right shoulder biceps tear; subacromial impingement; and posterior labral tear, superior labral tear. Bearfield completed physical therapy following surgery. Dr. O'Malley performed a second surgery on January 11, 2023, for "lysis of adhesions and manipulation." Bearfield was released to return to work with no restrictions

on January 26, 2023. She returned to work on or about February 11, 2023. When asked by a claim's specialist if the major cause of Erica's need for treatment was work related, Dr. O'Malley responded, "[N]o I can't say that greater than 51% of the current issues are due to her work."

II. *Proceedings Before the Workers' Compensation Commission*

Prior to the hearing before the ALJ, the parties stipulated that Rock Region "initially accepted [Bearfield's] claim as medical only and paid some benefits. [Rock Region] now [denies] claims in their entirety." Pursuant to an agreed order, the parties stipulated that the issues for the ALJ to decide were whether Bearfield (1) sustained a compensable injury to her right shoulder on September 3, 2021; (2) had objective findings of an acute injury on September 3, 2021; (3) was entitled to reasonable medical and indemnity benefits from the date of onset to an undetermined date; (4) sustained a compensable injury to her right shoulder on March 15, 2022; (5) had objective findings of an acute injury on March 15, 2022; (6) was entitled to reasonable and necessary medical treatment, including two surgeries, out-of-pocket medical expenses, mileage and reimbursement for private health insurance; (7) was entitled to temporary total-disability (TTD) benefits following the March 15, 2022 injury for approximately eight months; and (8) was entitled to attorneys' fees.

The ALJ found that Bearfield failed to prove that the September 2021 Claim was supported by an objective finding of medical evidence. For the March 2022 Claim, the ALJ found that Bearfield proved by a preponderance of the evidence that she sustained a compensable injury causing physical harm to the body.

4

Rock Region appealed the ALJ opinion with respect to the March 2022 Claim, and Bearfield filed a cross-appeal with respect to the September 2021 Claim. The Commission, in a 2–1 decision with a written dissent, affirmed the ALJ opinion and found that Bearfield did not prove a compensable injury with respect to the September 2021 Claim. With respect to the March 2022 Claim, the Commission expressly found Bearfield to be a credible witness and found that the medical records corroborated her testimony that on March 15, 2022, she sustained a work-related injury to her right shoulder while performing her duties as a bus driver for Rock Region. The Commission affirmed the ALJ's finding that the medical treatment of record with respect to the March 2022 Claim, including the surgeries, was reasonable and necessary in accordance with Arkansas Code Annotated section 11-9-508(a) (Supp. 2023). The Commission further found that Bearfield was entitled to TTD benefits (subject to certain offsets) and attorneys' fees. Rock Region appealed.

III. *Standard of Review*

In appeals involving workers'-compensation claims, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission. *Id.* Finally, this court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them

5

could not have reached the conclusions arrived at by the Commission. *Greene Cnty. Judge v. Penny*, 2019 Ark. App. 552, at 10, 589 S.W.3d 478, 485.

## IV. *Analysis*

In its only point on appeal, Rock Region contends that the Commission erred because its finding that Bearfield sustained a compensable shoulder injury is unsupported by substantial evidence, and the Commission incorrectly applied the law. We disagree.

Act 796 of 1993, as codified at Arkansas Code Annotated section 11-9-102(4)(A) (Repl.2012) provides in pertinent part that

> [c]ompensable injury means . . . [a]n accidental injury causing internal or external physical harm to the body . . . arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place of occurrence[.]

A compensable injury must be established by medical evidence supported by objective findings. Ark. Code Ann. § 11-9-102(4)(D) (Repl. 2012). Objective findings are those findings which cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16)(A)(i) (Repl. 2012).

> Concerning Bearfield's injury, the Commission made the following findings:

> The Full Commission finds that the claimant proved by a preponderance of the evidence that she sustained a compensable injury. The claimant proved that she sustained an accidental injury causing physical harm to the body. The claimant proved that the injury arose out of and in the course of employment, required medical services and resulted in disability. The claimant proved that the injury was caused by a specific incident and was identifiable by time and place of occurrence on or about March 15, 2022. In addition, the claimant established a compensable injury supported by objective findings. These objective findings include Dr. O'Malley's surgical report of "right shoulder biceps tearing, "labral tear" and "superior labral

6

tearing." The claimant proved that these objective medical findings were causally related to the March 15, 2022 accidental injury and were not the result of a pre-existing condition or prior injury.

On appeal, Rock Region argues that Bearfield failed to prove that she suffered a "compensable injury" because it was not caused by a specific incident arising out of the scope of employment. At the hearing, Bearfield confirmed the accuracy of her statement in her deposition that she felt a "pop" in her shoulder on March 15, 2022, when she pulled a shield. She also testified that she told the adjuster, Charlotte Flanagan, that she heard a pop even though she did not mention that when filling out her paperwork. She also told Dr. O'Malley about the "pop" in her shoulder when she moved the shield. Bearfield was the only witness to testify at the hearing; thus, her credibility was solely at issue.

In *Pafford Medical Billing Services, Inc. v. Smith*, 2011 Ark. App. 180, 381 S.W.3d 921, the claimant's credibility was questioned. The claimant testified that she did not report her injury or seek medical treatment immediately because initially she did not think it was "any big deal." *Id.* at 2, 381 S.W.3d at 923. The employer argued that the only evidence about the incident came from the claimant's vague and uncorroborated testimony. In affirming, including the finding claimant as a credible witness, this court held that the claimant's credibility was exclusively for the Commission to decide. *Id.* at 7, 381 S.W.3d at 926.

Rock Region's arguments are nothing more than a challenge to Bearfield's credibility. Bearfield testified that she heard a "pop" while at work moving a shield on March 15, 2022, and that she did not engage in any other activities that would have caused the "pop." She testified, "It was more pain. It was worse than the first time," which prevented her from

7

lifting her arm to put her shirt on. This was in contrast to the September 2021 Claim since Bearfield testified that after a conservative course of treatment, she was released to return to work with no restrictions. To further bolster the finding of a new injury, Bearfield required no medical treatment until the March 2022 incident. Rock Region even acknowledged it was a new injury, stating in an email, "She had a new incident to her right shoulder and a new DOI is 3/15/22."

Rock Region also argues that Dr. O'Malley's inability to state with certainty that Bearfield's shoulder injury was work related is further support that Bearfield did not sustain a compensable shoulder injury. The Commission believed Bearfield's testimony that the injury occurred at work on March 15, 2022, when she moved the sneeze shield. The Commission clearly found Bearfield's unrefuted testimony credible because it stated in its opinion that she did not engage in any activities or suffer any accident that could otherwise account for the injury.

It is well settled that questions of credibility of the witnesses and the weight to be given their testimony are within the exclusive province of the Commission. *Sheridan Sch. Dist. v. Wise*, 2021 Ark. App. 459, 637 S.W.3d 280. Moreover, once the Commission has made its decision on issues of credibility, this court is bound by that decision. *Id*. We therefore affirm the Committee's decision.[1]

Affirmed.

---

[1]The appellant's brief did not raise any other issues with the Commission's opinion, but to the extent necessary, we affirm all rulings in the opinion.

8

HARRISON and THYER, JJ., agree.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellants.

*Steven McNeely*, for appellee.